# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 96-30990
Summary Calendar

---

EMILE J. KLEIN,

Plaintiff-Appellant,

versus

GREAT ATLANTIC & PACIFIC TEA COMPANY,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-382)

---

June 3, 1997

Before POLITZ, Chief Judge, JOLLY and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:[*]

Emile J. Klein appeals an adverse summary judgment in his Age

Discrimination Employment Act[1] and Americans With Disabilities Act[2] claims

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 29 U.S.C. §§ 621-634.

[2] 42 U.S.C. § 12112(a).

against his employer, The Great Atlantic and Pacific Tea Company. For the reasons assigned, we affirm.

## BACKGROUND

Klein worked for A & P from 1977 to 1995, first as a grocery store stock clerk and then for twelve years as a store manager. In June 1994 he had a heart attack and missed two months of work following heart surgery. When he returned, the store he had managed previously was being closed and he was reassigned. He was terminated 11 months later. He was 54 years old.

Klein filed a charge with the EEOC and received a right to sue letter. He then filed the instant action claiming discrimination under both the ADA and the ADEA, contending that he was fired because A & P perceived him as a liability after his heart attack.

A & P maintains that it fired Klein for failing to comply with its inventory policy which requires store managers to minimize inventory losses or shortages. Inventory shortages are measured on a point system. According to A & P, any manager whose store has three consecutive inventories with shortages in excess of 100 points is placed on probation. Shortages in that manager's next two inventories must total less than 100 points; otherwise, the manager is subject to termination. A & P's records show that Klein's inventories reflected shortages exceeding 100

2

points for three consecutive periods and that although the fourth inventory showed a substantial improvement, the fifth inventory showed a shortage of 683 points. The average of the fourth and fifth inventories was 427 points, which violated Klein's probation. A & P allowed Klein to remain in his position for six more weeks, after which another inventory revealed a shortage of 260 points. Shortly thereafter, A & P discharged Klein.

On May 9, 1996 the parties held a pretrial scheduling conference, which set August 7, 1996 for the completion of discovery and July 30, 1996 as the deadline for filing pretrial motions. On July 3, Klein gave a deposition. On July 30, A & P moved for summary judgment. On that same day, Klein served interrogatories and a request for production of documents, just one week before the discovery deadline. A & P responded by producing a copy of Klein's personnel file, documents related to his history of inventory shortages at various stores that he managed, and the inventory history of the store he was managing when he was fired. A & P refused to produce other requested documents, contending that they were irrelevant. Documents in the latter category included inventory records from other stores and other managers' personnel files.

On August 5, Klein requested and received a two-week extension to respond to A & P's motion for summary judgment. He also requested a sixty day extension

of the discovery deadline. Klein said that he needed more time for discovery because his attorney had received the motion for summary judgment "shortly before departing for a scheduled vacation, and the research and writing necessary for a proper answer will take up most of the time remaining for discovery under the current schedule." Furthermore, the vacation schedules of the individuals Klein sought to depose made it difficult to "work them all in by the current discovery cutoff." Finally, Klein claimed that he expected A & P's complete response to his discovery request to yield information about inventory control at other stores that might necessitate further discovery.

Along with his response to A & P's motion for summary judgment Klein asked to supplement his opposition, asserting that once A & P complied with his discovery requests he would have additional arguments to support his discrimination claims. Klein also filed a motion to compel. His attorney claimed that he wanted to compare the inventory record for Klein's store before and after he took over as manager. He sought to show that other store managers with inventory records worse than Klein's were not fired, thereby establishing differential treatment between Klein and other managers who were younger and in better health.

The district court denied both of Klein's requests for the extension of discovery. Finding that Klein failed to show that he could establish a prima facie

case of discrimination under either the ADA or the ADEA and that he did not have sufficient evidence of discrimination to create a genuine issue of material fact on his claims, the court granted A & P's motion for summary judgment. The court dismissed Klein's motion to compel as moot. Klein timely appealed.

## ANALYSIS

Motion to extend discovery.

We review the denial of a motion to extend discovery for abuse of discretion.[3] The district court construed Klein's motion as a request under Rule 56(f), which permits the court to grant more time for discovery to allow the party opposing summary judgment to gather enough information to justify its opposition.[4] We have observed that Rule 56(f) motions generally should be granted: "[W]hen a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery."[5] The party seeking an extension, however, must satisfy three requirements: (a) request extended discovery before the court rules on the motion for summary judgment; (b) put the trial court on notice that additional discovery

---

[3]**Wichita Falls Office Assoc. v. Banc One Corp.,** 978 F.2d 915 (5th Cir. 1992).

[4]FED. R. CIV. P. 56(f).

[5]**Wichita Falls** at 920.

5

is being sought pertaining to the summary judgment; and (c) specifically demonstrate to the court how further discovery likely will create a genuine issue of material fact.[6]

Although Klein's motion for extended discovery arguably met the requirements above, we cannot say that it was an abuse of discretion for the district court to deny his motion. When "the nonmoving party has not diligently pursued discovery of [the evidence it now seeks] the court need not accommodate the nonmoving party's belated request."[7] Klein's arguments for extending the discovery cutoff are not persuasive in light of the obvious delay in initiating discovery. The reasons assigned for needing more time are not persuasive. As the district court observed, "[p]laintiff did not diligently seek discovery, and created his own predicament through his own delay."

Motion for Summary Judgment.

We review a district court's grant of summary judgment *de novo*.[8] Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[9] All fact questions must be

---

[6]**International Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257 (5th Cir. 1991).

[7]**Id.** at 1267.

[8]**Armstrong v. City of Dallas**, 997 F.2d 62 (5th Cir. 1993).

[9]FED. R. CIV. P. 56(c).

6

viewed in the light most favorable to the nonmovant.

To prove a claim under the ADEA, the plaintiff must establish a prima facie case by showing that: (1) he was discharged;  (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age.[10]  To prove a claim under the ADA, the plaintiff must establish a prima facie case by showing that: (1) he suffers from a disability; (2) he is qualified for the job; (3) he was subjected to an adverse employment action; and (4) he was replaced by a person without a disability or was treated less favorably than employees without a disability.[11]

We apply the same analysis to ADA and ADEA claims that we apply to Title VII discrimination claims.[12]  Under the **McDonnell Douglas-Burdine** framework, an inference of unlawful discrimination is raised once the plaintiff establishes a prima facie case by a preponderance of the evidence.[13]  The  defendant then may

---

[10]**Bodenheimer v. PPG Indus., Inc.**, 5 F.3d  955 (5th Cir.1993).

[11]**Daigle v. Liberty Life Ins. Co.**, 70 F.3d 394 (5th Cir. 1995).

[12]**Id.; Bodenheimer.**

[13]*See* **St. Mary's Honor Center v. Hicks,** 509 U.S. 502 (1993); **Texas Dep't of Community Affairs v. Burdine**, 450 U.S. 248 (1981); **McDonnell Douglas Corp. v.  Green**, 411 U.S. 792 (1973).

proffer a legitimate, nondiscriminatory reason for the discharge. If the defendant does so, the presumption of discrimination abates but the plaintiff has an opportunity to demonstrate that the defendant's articulated rationale was merely a pretext for discrimination.[14] Evidence of pretext permits the fact finder to infer that the discrimination was intentional.[15]

Applying this analysis, Klein can avoid summary judgment if the evidence, taken as a whole, creates a fact issue about A & P's stated reason for Klein's discharge, and permits of a reasonable inference that age or disability was a determinative factor therein. A & P is entitled to summary judgment if the evidence, taken as a whole, would not allow a jury to infer that the actual reason for the discharge was discriminatory.

A & P has offered a legitimate, nondiscriminatory reason for firing Klein: the stores he managed failed to comply with its inventory shortage policy. In response Klein alleges that A & P discriminated against him because younger and healthier managers were not fired for similar failings. In such disparate treatment cases, the plaintiff must show that the statutorily protected trait actually motivated

---

[14]**Rhodes v. Guiberson Oil Tools**, 75 F.3d 989 (5th Cir. 1996) (en banc).

[15]**Hicks.**

8

the employer's behavior.[16] The evidence in the summary judgment record does not support Klein's contention.

Klein admitted in his deposition that his job had been in a precarious position because of bad inventories before his heart attack. The only evidence presented to show discrimination is Klein's statement that he was fired because of his age and perceived disability. Such evidence, by itself, is not sufficient to present a triable issue in the face of proof of an adequate, nondiscriminatory reason for the discharge.[17] We agree with the district court that summary judgment was appropriate.

Dismissal of Motion to Compel.

In light of the foregoing, we perceive no abuse of discretion in the trial court's ruling on Klein's motion to compel discovery.[18]

The judgment of the district court is AFFIRMED.

---

[16]**Hazen Paper Co. v. Biggins**, 507 U.S. 604 (1993).

[17]**Molnar v. Ebasco Constructors, Inc.,** 986 F.2d 115 (5th Cir. 1993).

[18]**McKethan v. Texas Farm Bureau**, 996 F.2d 734 (5th Cir. 1993).